IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | CASE NO.: 4:16CR263 |
| | ] | |
| JOSEPH BREAUX | ] | |

MOTION FOR DISCLOSURE OF SEIZED EVIDENCE
THE GOVERNMENT INTENDS TO RELY UPON AT TRIAL
AND CITATION OF SUPPORTING AUTHORITY

COMES NOW JOSEPH BREAUX, defendant in the above-captioned criminal action, and moves this honorable Court for an order requiring the Government to direct the Government to provide notice of its intention to use evidence at trial including, but not limited to, the seized documents, statements or other evidence which may be subject to a motion to suppress evidence. The Defendant makes this motion pursuant to Rule 12 (d) (2) of the Federal Rules of Criminal Procedure.

(1)  The Federal Rules of Criminal Procedure require the Government to notify criminal defendants of its intention to rely upon specified evidence at trial.  The purpose of this requirement is to afford those defendants a reasonable opportunity prior to trial  to file a motion to suppress such evidence under Rules 12 (d ) (3) and 41.  In the present case, the Defendant cannot frame a proper motion to suppress until the Government provides him with notice of its intention to introduce specified items of evidence at trial.

(2)  The present motion contemplates, but is not limited to, the disclosure of any seized documents, objects or statements obtained by the Government as a result of a search and seizure or interrogation in this case and which the Government intends to introduce at trial.  This motion further requests the disclosure of evidence the defendant is entitled to pursuant to Rule 16 of the Federal Rules of Criminal Procedure. These discoverable items have been requested in the detailed motions filed by the Defendant previously.

(3)  The Government must disclose the evidence it intends to rely upon to permit the preparation of a properly framed motion to suppress said evidence and the evidentiary items requested herein will provide the defendant with the underlying facts surrounding any search and seizure and interrogation in this case.

(4)  The present motion is being filed to expedite the filing and consideration of the pretrial motion to suppress seized evidence and statements.  Rules 12 and 41 of the Federal Rules of Criminal Procedure merely require that a motion to suppress be filed prior to trial.  The granting of this instant motion would facilitate the earliest possible resolution of any suppression issues in this cause.

(5)  Though it is common practice for the court to allow a criminal defendant a set number of days from the date of arraignment to file pre-trial motions regarding discovery, both the Federal Rules of Criminal Procedure and the case law exclude motions to suppress evidence from such time constraints.  Rule 12 (d) militates against such time limitations because it specifically recognizes that a motion to suppress cannot be prepared until the Government notifies the defendant of the evidence it intends to rely upon at trial.

(6)  In some cases, a motion to suppress will even be deemed timely where it is filed at the time of trial.  See United States v. Pheaster, 544 F.2d 353 (9th Cir. 1975); United States v. Hall, 565 F.2d 917  (5th Cir. 1978).  A criminal defendant should not be penalized if a motion to suppress is not filed until time of trial, where opportunity for earlier filing did not exist.

(7)  It is suggested that in the present case this Court should order the Government to promptly comply with the instant motion and the other discovery motions the Defendant has filed.  It is further suggested that after the Government supplies said discovery, the defendant be given a reasonable time to file the motion to suppress seized evidence.  See United States v. Baker, 443 F.Supp. 526, 529 (S.D.N.Y. 1977).  In the present case, the Government's full response to the discovery request is a necessary predicate for any motion(s) to suppress the seized evidence and statements.

Respectfully submitted this 9th day of September, 2016.

        /s/Arvo Henifin
        State Bar Number: 346780
        Attorney for Joseph Breaux

The Henifin Law Firm
P.O. Box 61302
Savannah, Georgia 31420
Telephone: (912) 358-8064
Email: arvo.henifin@henifinlaw.com

CERTIFICATE OF SERVICE

      This is to certify that I have this date served all interested parties in this matter with a Notice of Electronic Filing through filing the forgoing document with the Clerk of Court using the CM/ECF system.

Respectfully submitted this 9th day of September, 2016.

                                                /s/Arvo Henifin
                                                State Bar Number: 346780
                                                Attorney for Joseph Breaux

The Henifin Law Firm
P.O. Box 61302
Savannah, Georgia 31420
Telephone: (912) 358-8064
Email: arvo.henifin@henifinlaw.com