IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| v. | ] | CASE NO.: 4:16CR263 |
| | ] | |
| JOSEPH BREAUX | ] | |

MOTION TO COMPEL DISCLOSURE OF THE GOVERNMENT'S PROMISES
OF IMMUNITY, LENIENCY OR PREFERENTIAL TREATMENT
AND INCORPORATED CITATION OF SUPPORTING AUTHORITY

COMES NOW JOSEPH BREAUX, defendant in the above-captioned criminal action, and moves this honorable Court for an order requiring the Government to disclose to his defense counsel the existence of any promises, agreements, understandings or arrangements between the Government and any prosecution witness or informant or cooperating defendant or their attorney or representative.

(1) By the term "promises, agreements, understandings or arrangements" the Defendant means any undertaking whereby the Government has agreed:

(A) Not to prosecute the witnesses for any crime or crimes;

(B) To provide a formal grant of statutory immunity or an informal grant of immunity in connection with any testimony given;

(C) To recommend leniency in sentencing for any crime or crimes for which he or she is or may be convicted;

(D) To recommend a particular sentence for any crime or crimes for which he or she is or may be convicted;

(E) To dismiss any counts of an indictment, accusation or information pending against a Government witness in any court;

(F) To compromise or diminish, or to recommend to compromise or diminution of any Federal, state or local taxes which he or she is claimed to owe;

and/or;

(G) To make any other recommendations of benefit or to give any other consideration to him or her.

(2) Further, if the Government has entered into a "promise, agreement, understanding or arrangement" as such term is defined above, the Defendant request that the Court order the Government to reveal the substance of that "promise, agreement, understanding or arrangement" and the manner of execution or fulfillment of that "promise, agreement, understanding or arrangement."

(3) Courts have consistently held that in attempting to establish motives or bias of a Government witness, a defendant is entitled to evidence showing that the Government has made explicit or implied promises of immunity from prosecution, leniency in sentencing, or other preferential treatment in return for the witness or informant's cooperation and agreement to testify for the prosecution. See <u>Demps v. Wainwright</u>, 805 F.2d 1426 (11th Cir. 1986), cert. denied 484 U.S. 873 (1987) and <u>United States v. Partin</u>, 493 F.2d 750 (5th Cir. 1974), cert. denied, 434 U.S. 903 (1977). Additionally, where a trial court seeks to limit the scope of cross-examination and the presentation of evidence on such matters such that the witness bias is not allowed to be disclosed, the defendant's constitutional right of confrontation is violated. See <u>Delaware v. Van Arsdall</u>, 475 U.S. 673 (1986).

(4) The Supreme Court has adopted a position requiring expanded disclosure of promises of immunity, leniency and preferential treatment to Government witnesses, and has imposed upon the Government the burden of ensuring that disclosure of such promises is made to defendants. In <u>Giglio v. U.S.</u>, 405 U.S. 150 (1972), the defendant was convicted of passing forged money orders and was sentenced to five years imprisonment. Subsequent to the conviction, defendant's attorney discovered new evidence indicating that the Government had failed to disclose a promise made to its key witness that he would not be prosecuted if he testified for the Government. In reversing the conviction under the due process criteria of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), the court in <u>Giglio</u> stated: (the witness ) credibility . . . was therefore an important issue in the case, and evidence of any understanding or agreement as to future prosecution would be relevant to his credibility and the jury was entitled to know it. <u>Giglio</u>, 405 U.S. 150, at 154.

     (5)  The Defendant submits that the holding in <u>Giglio</u> requires the type of disclosure by the Government that he now seeks.  Arrangements between the Government and its witnesses inducing them to testify constitute <u>Brady</u> material, <u>United States v. Bagley</u>, 473 U.S. 667 (1985), and must be made available to criminal defendants in a timely fashion.  See also, <u>United States v. Wilson</u>, 904 F.2d 656 (11th Cir. 1990), cert. denied 112 S.Ct. 250 (1991).

     (6)  Therefore, the Defendant's request for a disclosure pursuant to this motion must be considered both reasonable and appropriate.  The manner of execution and fulfillment of any various commitments and promises made to Government witnesses may not have been communicated directly to them.  Rather, this information may have been communicated only to their attorneys or representatives.  If this is so, the Defendant will not be able to elicit the impeaching information during the witnesses' cross-examination and he should therefore be given a reasonable opportunity prior to trial to locate and interview the persons who possess this information.

     (7)  Also, if the substance of such promises and agreements have not been accurately and fully communicated to the witnesses by their attorneys or representatives, cross-examination will not be an adequate device by which the Defendant can elicit information to which he is clearly entitled. Again, such information can only be obtained if the Defendant is given some factual basis on which to seek its procurement and a reasonable time prior to trial in which to do so.

Respectfully submitted this 9th day of September, 2016.

                                             /s/Arvo Henifin
                                             State Bar Number: 346780
                                             Attorney for Joseph Breaux

The Henifin Law Firm
P.O. Box 61302
Savannah, Georgia 31420
Telephone: (912) 358-8064
Email: arvo.henifin@henifinlaw.com

CERTIFICATE OF SERVICE

      This is to certify that I have this date served all interested parties in this matter with a Notice of Electronic Filing through filing the forgoing document with the Clerk of Court using the CM/ECF system.

Respectfully submitted this 9th day of September, 2016.

                                            /s/Arvo Henifin
                                            State Bar Number: 346780
                                            Attorney for Joseph Breaux

The Henifin Law Firm
P.O. Box 61302
Savannah, Georgia 31420
Telephone: (912) 358-8064
Email: arvo.henifin@henifinlaw.com