UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORIGA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR 4:16-cr-263 |
| v. ) | |
| ) | |
| JOSEPH BREAUX ) | |
| ) | |

GOVERNMENT'S COMBINED RESPONSES TO
DEFENDANT JOSEPH BREAUX'S PRETRIAL MOTIONS

Now comes the United States, by and through Edward J. Tarver, United States Attorney for the Southern District of Georgia, and makes these responses to the pretrial motions of the defendant in the case styled above:

As to the motions for or to:

- Disclosure of Brady Material and Impeaching Information (Doc. 19);

- Early Production of Jencks Act Material (Doc. 20);

- Jackson-Denno Hearing (Doc. 21);

- Local Rule 16.1 Information (Doc. 22);

- Access to Prospective Government Witnesses (Doc. 23);

- Discovery and Inspection of Defendant's Statements (Doc. 24);

- Intention to Use Evidence Pursuant to Rule 404(b) (Doc. 25);

- Disclosure of Seized Evidence (Doc. 26);

- Participation in Voir Dire (Doc. 27);

- Disclosure of Promises of Immunity, Leniency, or Preferential Treatment (Doc. 28);

- Disclosure of Grand Jury Proceedings (Doc. 29);

- Disclosure of Names, Addresses, and Criminal Records of Prospective Government Witnesses (Doc. 30);

- Reveal Existence of Confidential Informant or Source of Information (Doc. 31);

- Preserve Evidence (Doc. 32);

please see the government's Responses, which follow hereafter.

## GOVERNMENT'S DISCOVERY RESPONSE

1.

The defendant has filed motions in the above case seeking under various authority certain items of information from, or to compel certain actions by, the government;

2.

That the United States of America believes much of the information requested in said motions are beyond the scope of any applicable statute or rule of law and undiscoverable;

3.

**Liberal Discovery and Exceptions**

That, without conceding the merits of defendant's discovery demands, the United States has determined that no undue burden, restriction, or hindrance in the development by investigation or the presentation upon trial of this case would result from full disclosure to the defendant of the evidentiary contents of the Government case file, saving only those notes and mental impressions made by the United States Attorney or his assistants from investigative material in preparation for trial, inter- and intra-agency correspondence, regulations, procedures, manuals, etc., regarding

matters of policy, strategy, or as a part of discretionary decision-making processes, and other exceptions as may be set out below.

4.

**Witness Lists, Personnel Files, Intended Order of Proof**

The Government case file does not contain, nor by this response does the Government represent that it will undertake to seek out or create, witness lists, government agent personnel files, intended orders of proof for trial, or expositions of the Government's theory of the case and inferential contentions to be made from the evidence.   To the extent that Defendant's demands include such items, the Government objects to their production or creation.   The government's "work product" has long been exempt and protected from defense perusal.   United States v. Marth, 42 F.R.D. 432 (1967). Because of the liberal and extensive discovery to be provided, there is no bona fide need for a list of witnesses.   United States v. Draine, 811 F.2d 1419, 1421 (11th Cir.), cert. denied, 484 U.S. 827 (1987).   The defendant may construct a list of likely government witnesses from the discovery provided.

Absent specific reference to incidents of misconduct which are likely documented in a personnel file, examination or production of same is an invasion of privacy not justified by legitimate discovery needs, and would serve only to chill the exercise of due diligence on the part of investigators in discharging their law enforcement duties.   United States v Quinn, 123 F.3d 1415 (11th Cir. 1997).

The creation of lists, summaries, orders of proof, and previews of the Government's theory of the case and inferential jury arguments do not constitute the discovery of evidence in that such things are not evidence.   That they might be of help to the Defendant in crafting a trial strategy,

fashioning his testimony, or tailoring his arguments does not change their character as attorney work product.

5.

**Rule 16 and JENCKS**

The government will make available for copying or furnish copies of all materials discoverable under Rule 16, Fed.R.Crim.P., and the Jencks Act (18 U.S.C. §3500) as soon as practical, beginning at arraignment and continuing thereafter. Counsel may expect completion of this disclosure (as to materials now in the government's possession) prior to the close of the period allowed for the filing of motions. Though not necessarily constituting Jencks Act materials, investigative reports of federal, state, and local agencies containing information pertinent to the proof of the government's case-in-chief, as well as statements or summaries of interview with persons who will not be called as witnesses, will be provided in like manner. (Information not intended for use in the government's case-in-chief, to the extent it falls within the ambit of Rule 16 or the Jencks Act, will be provided, however, evidence which is neither Rule 16 nor Jencks Act material and which may be used by the government in rebuttal or impeachment may be reserved - see "Rebuttal Evidence" below) The government will undertake to provide copies of all discoverable materials to defendants with appointed counsel - defendants with retained counsel will be expected to purchase their copies at the established rates or, alternatively, to make individual arrangements for copying from a set of materials maintained in the United States Attorney's Office for that purpose.

As other materials within the scope of this category are received, they will be provided in like manner to defense counsel.

Some of the government's physical and electronic evidence constitutes child pornography. The government will not copy or produce such items, but they will be available for inspection by defense counsel at times convenient to counsel and to the law enforcement agency maintaining custody of such items.

6.

**Witnesses**

The addresses and other identifying information of potential government witnesses and others with information relevant to this case, to the extent the Government possesses same, are contained in the information to be produced.  The Government will not "make available for interview" by the defense any potential witnesses, as no such persons are within the control of the Government, and, in any event, each potential witness is possessed of the right to speak or not speak pretrial to any party as a matter of the witness' personal choice.   The Government does not undertake to advise witnesses as to their exercise of this choice, nor dissuade them from speaking pretrial to any party.

7.

**Scientific Tests**

The government will not object to independent scientific tests and analyses of its physical exhibits, so long as such tests are not destructive nor likely to denigrate the integrity of the exhibit, are conducted by recognized authorities or experts in the pertinent fields of study, are conducted in a manner accepted within the scientific community as reasonably likely to yield reliable results, and physical custody is maintained by government agents during the course of tests or analyses. The government will not waive the requirement that a detailed proposal for any independent testing

be submitted to the court, Barnard V. Henderson, 514 F.2d 744 (5th Cir. 1975), nor will the government supply primary reference samples of contraband. United States v. Williams, 613 F.2d 560, 563 (5th Cir. 1980). Physical items the government intends to or may use in its case-in-chief will be maintained under conditions necessary to the protection of the integrity of the exhibit and chain of custody by the law enforcement agencies currently in physical possession of the items. Inspection of such items may be arranged by appointment convenient to the parties through the investigative agency in custody of such items. The nature and number of physical items in the government's possession will appear from scientific and investigative reports provided as discovery in accordance with this notice.

Some of the government's physical and electronic evidence constitutes child pornography. The government will not copy or produce such items, but they will be available for inspection by defense counsel at times convenient to counsel and to the law enforcement agency maintaining custody of such items.

The government will provide in advance of trial the name, written findings, and *curriculum vitae* of all government experts who will testify.

8.

**Sentencing Guideline Calculations**

The government will not undertake as discovery the identification of information relating to the calculation of the appropriate guidelines nor disclose its calculations of potential guideline sentences. Such things are work product and legal opinion, and do not bind the government or the court. Even if a defendant elects to enter a guilty plea, there is no requirement that the government furnish a guidelines calculation prior to the entry of the plea. United States v.

Bradley, 905 F.2d 359 (11th Cir. 1990); United States v. Rivera, 898 F.2d 442 (5th Cir. 1990).

9.

**404b - Other Crimes, Wrongs, and Acts**

The production to the defendant in discovery of any evidence of prior wrongs, crimes, or acts should be taken by the defendant as an announcement of the government's intention to use such evidence at trial. Because opinions of the parties often differ as to whether particular evidence goes to proof of matters inextricably intertwined, predicate, or part of the transactions charged, or rather constitutes extrinsic proof of intent, motive, plan, etc., under Rule 404(b), F.R.E., the defendant should consider that the Government intends to use all information provided in discovery to the extent any rule of evidence permits, absent an express indication to the contrary. In other words, the provision of any information by the government in discovery, to the extent that such information could be admitted at trial under the aegis of Rule 404(b), should be considered notice to the defendant of the government's intention to use such Rule 404(b) evidence. Should Defendant wish to bar the introduction in the Government's case-in-chief of any evidence disclosed in discovery, a pretrial ruling should be sought in limine, or a stipulation obtained from the Government.

The Government will in all events comply with the requirements of the Local Rules pertinent to Rule 404(b) materials, on the timetable established by said Rules.

10.

**Rebuttal Evidence**

The government by the liberal discovery positions taken above should not be taken to have

agreed to provide information or evidence which might become admissible in rebuttal. The government cannot know in advance what evidence might be admissible in rebuttal, nor from what source it might be drawn. To the extent that potential rebuttal evidence falls within a category of information to be disclosed as described above, the defendant will have advance notice of the ability of the government to present such evidence on rebuttal. To the extent that evidence does not fall within a category for production, a defendant is at his peril in concocting testimony as to whether the government can or will rebut it.

11.

**Recordings**

The government will make copies of all consensually recorded conversations available for audit by defense counsel at the offices of the United States Attorney, or at the offices of a participating investigating agency. The government will provide CD or DVD copies of audio or video files as specifically requested by defense counsel, or, if the files requested are numerous or lengthy, will place copies with a reliable commercial establishment from which defense counsel may arrange to order copies produced. (The cost of such production must be arranged as between the defendant and the commercial copier. Appointed counsel should consult the Magistrate Judge to determine whether such costs are recoverable under the C.J.A. terms of appointment.)

The government will not undertake to make complete transcriptions of all files, but to the extent that the government produces draft and/or authenticated transcriptions, they will be provided to the defense as they are produced. (Counsel should be aware that draft transcripts produced by persons not a party to the conversation are subject to change and correction after review and authentication by a party to the conversation.)

There was no nonconsensual electronic surveillance (i.e., wiretapping) undertaken in connection with this investigation.

12.

**Grand Jury**

To the extent that Grand Jury transcripts contain information which would otherwise be discoverable consistent with this notice, complete transcripts of the indicting and investigative sessions will be provided to all defendants in the same manner as statement summaries and investigative reports, without any requirement for particularized showings of need or further order of the court, as provided by the court's standing order memorialized in Local Rule LCrR 16.1.

The government does not maintain and will not seek out clerical information about the grand jury, its members, or their manner of selection, absent order of the court after a threshold showing of relevancy and need. Grand jury proceedings are entitled to a presumption of regularity. United States v. Molinares, 700 F.2d 647, 651 n.6 (11th Cir. 1983); United States v. Johnston, 685 F.2d 934, 938 (5th Cir. 1982), cert. denied, 460 U.S. 1053 (1983).

**The attention of counsel is drawn to Local Rule LCrR 16.1, prohibiting the dissemination of discovery material beyond that necessary to the preparation of the defendant's defense.**

13.

**Searches**

Search warrants, returns, and inventories, pen registers, originating message lists, and subscriber information, and other similar investigative materials, will be provided in the same manner as Rule 16 and Jencks materials.

The government opposes as incapable of meaningful response motions seeking identification of evidence arguably subject to suppression, because anecdotal evidence suggests that opinions as to the subjectivity of evidence to suppression vary directly with the position of the opining party's name relative to the "vs." in the case style.  The Government is providing all required discovery of the evidence in its possession.  None of it is subject to suppression, and, absent an explicit expression to the contrary, the Government intends to use all of it.

Likewise, preliminary motions to suppress are incapable of meaningful response until they are particularized with respect to the evidence sought to be suppressed, facts relating to its acquisition by the government, and the legal basis for the suppression sought.

14.

**Brady and Giglio**

The government will provide all materials of an exculpatory or arguably favorable nature, together with all information pertaining to its witnesses of an arguably impeaching nature, as they are received by the U.S. Attorney's Office.  This will include "RAP" sheets for defendants and witnesses, plea agreements, promises of leniency, or grants of immunity to any witness, prior bad acts of witnesses to the extent they are known to the government, prior inconsistent statements, misidentifications, or the like.  The government recognizes its continuing duty to provide such materials as they become available.

This intention to provide exculpatory, arguably favorable, or impeaching information on an immediate and continuing basis should not be construed so as to relieve each defendant of making particularized demands and showings of materiality and need for specifically identified items, for while the government fully intends a good faith effort to identify and produce materials

under its obligation as defined by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), <u>United States v. Agurs</u>, 427 U.S. 97 (1976), and their progeny, characterizations of particular items or information as falling within that obligation may differ, and a defendant may find exculpatory or impeaching use of an item of information in a manner not apparent to or anticipated by the government.

Likewise, nothing herein should be construed to relieve a defendant of the obligation to acquire on his own matters of public record, such as hearing transcripts, plea agreements, judgment and commitment orders, indictments, etc.

15.

**Arguably Relevant Evidence**

To the extent that any motion calls for statements or other evidence that may be relevant to a possible defense or contention, until the defendant notices to the government the nature of his intended contentions or defenses, such demands are too vague for compliance.   As the realm of contentions the defendant might assert is unbounded, limited by neither reason nor verity, the government declines to fantasize to the extent necessary to respond to such a demand.   Nor does the law demand such an exercise. <u>United States v. Jordan</u>, 316 F.3d 1215 (11th Cir. 2003).

16.

**Informers**

No persons acted in a capacity normally described as "informer" during the investigation of this case.   Therefore, there are promises of immunity, leniency, or preferential treatment to any potential witness.

17.

**Seized Evidence and Preservation of Evidence**

The government intends to retain and preserve all of its evidence.

Evidence acquired by seizure from the defendant or third parties will be apparent from investigative reports and evidence logs provided in the liberal discovery described hereinbefore, together with the circumstances of its acquisition or seizure.   Disclosure and copying will follow the protocols set out above with respect to Rule 16 evidence and Scientific Testing.

18.

**Errata**

The government will neither oppose nor concur in motions for additional peremptory challenges, to participate in voir dire, to provide funds for experts and investigative assistance, to file more motions, and other such motions that are directed to the discretionary conduct of the proceedings by the trial court.

19.

**Jackson/Denno Hearing**

The government moves for and joins any defense request for a pretrial "Jackson/Denno" hearing with respect to the voluntariness of any admissions or confessions of the defendant.

WHEREFORE, based upon the above considerations, the defendant and his counsel are invited to inspect the contents of the Government file, with the exceptions noted above, which invitation shall remain in force until the above case be scheduled for trial or this invitation earlier withdrawn upon statement to the defendant of the reason for such withdrawal.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | EDWARD J. TARVER<br>UNITED STATES ATTORNEY |
|  | *s/Frederick Kramer* |
| P.O. Box 8970<br>Savannah, GA   31412<br>(912) 652-4422 | Frederick Kramer<br>Assistant United States Attorney<br>Georgia Bar No. 428971 |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the notice of electronic filing ("NEF") which was generated as a result of electronic filing in this Court.

This 15th day of September, 2016.

                                               EDWARD J. TARVER
                                               UNITED STATES ATTORNEY

                                               *s/Frederick Kramer*

                                               Frederick Kramer
                                               Assistant United States Attorney
                                               Georgia Bar No. 428971

22 Barnard Street, Suite 300
Savannah, GA   31401
(912) 652-4422